UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAGUAR CARS, A Division of the Ford Motor Company, ) ) ) Plaintiff, ) ) v. ) ) LEE IMPORTED CARS, INC., ) ) Defendant/Third-Party Plaintiff, ) ) v. ) ) JOHN DOE, ) ) Being the Fictitious Name of ) Third-Party Defendant. ) ) | Civ. No. 03CV12532RGS<br><br>FILING FEE PAID:<br>RECEIPT # 54423<br>AMOUNT $ 50.00<br>BY DPTY CLK ___<br>DATE 3/10/04 |

## PLAINTIFF JAGUAR CARS' MOTION
## TO ADMIT COUNSEL PRO HAC VICE

The plaintiff, Jaguar Cars ("Jaguar"), by its undersigned counsel, hereby moves, pursuant to this Court's Local Rule 83.5.3, for an order permitting John J. Sullivan, Esquire, to appear as their counsel *pro hac vice* in this case.

In support of this motion, undersigned counsel states the following:

1.  Jaguar desires to have Attorney Sullivan serve as co-counsel in this matter in association with undersigned counsel and to have all of the privileges for the purposes of this case of members in full standing of the bar of this Court.

2.  Under Local Rule 85.5.3, a member in good standing of the bar of any United States District Court or the bar of the highest court of any state may appear, by permission of the Court, in any case in this court upon certification that (1) the attorney is a member in good standing in every jurisdiction where the attorney ahs been admitted to practice; (2) there are no

disciplinary proceedings pending against the attorney; and (3) the attorney is familiar with the applicable Local Rules.

3. Attorney Sullivan is a member in good standing in every jurisdiction to which he has been admitted to practice, which include the bars of the State of New York, the United States Courts of Appeals for the Second, Third, Fifth and Tenth Circuits, and the United States District Courts for the Southern, Eastern and Northern Districts of New York. No disciplinary proceedings are pending against him as a member of the bar in any jurisdiction and Attorney Sullivan is familiar with the applicable Local Rules. *See* Certificate of John J. Sullivan, filed herewith.

4. Attorney Sullivan has a longstanding relationship with Jaguar and has particular expertise in this type of automobile franchise litigation.

5. Furthermore, in accordance with Local Rule 83.5.3, this application is being made by Jaguar's counsel, who is a member of the bar of this Court and who has find an appearance in this matter.

6. At the March 8, 2004, scheduling conference, Defendant's counsel indicated that defendant would not object to the admission of Attorney Sullivan *pro hac vice*.

WHEREFORE, the undersigned respectfully requests that the Court grant this motion to admit John J. Sullivan *pro hac vice*.

JAGUAR CARS, A DIVISION OF THE
FORD MOTOR COMPANY,

By its attorneys,

_____
Sarah Kellogg (BBO # 637530)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, Massachusetts 02109
(617) 261-3100

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/ by hand.

Dated: 3/9/04  _____

Dated: March 9, 2004

2

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Sarah C. Kellogg, counsel for Plaintiff, hereby certify pursuant to Local Rule 7.1(A)(2) that on March 8, 2004, I conferred with Jason Manekas, Esq., counsel for defendant, in an effort resolve or narrow the issues presented in this motion.

_____
Sarah C. Kellogg

Dated: March 9, 2004