UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIVED
Clerk's Office
USDC, Mass.
Date 4-5-04
By _____
Deputy Clerk

|  |  |
|---|---|
| JAGUAR CARS, a Division of the Ford Motor Company,<br>    Plaintiff,<br><br>v.<br><br>LEE IMPORTED CARS, INC.,<br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>JOHN DOE,<br>    Being the Fictitious Name of<br>    Third-Party Defendant. | Civil Action No. 03CV12532RGS |

### DEFENDANT LEE IMPORTED CARS, INC.'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

In accordance with Local Rule 56.1, Defendant Lee Imported Cars, Inc. ("Lee") provides this response to Plaintiff's Statement of Material Facts Not in Dispute in Support of Jaguar's Motion for Summary Judgment on its Declaratory Judgment Action:

1. Jaguar has failed to file the Corporate Disclosure Statement required by Local Rule 7.3 and Lee has not yet been afforded an opportunity to conduct discovery. Lee is therefore unable to admit or deny the statement contained in paragraph 1.

2. Lee does not dispute that it is, *inter alia,* an authorized Jaguar dealer with a facility located at 962 Worcester Road, Wellesley, Massachusetts 02482.

3. Lee does not dispute that its dealership is located in Norfolk County, Massachusetts.

4. Lee does not dispute that Jaguar and Lee entered into, *inter alia*, a Dealer Agreement dated as of January 1, 1989 ("Dealer Agreement") that included Jaguar Dealer Standard Provisions ("Standard Provisions"). *See* Affidavit of Christopher J. Lee ("Lee Aff."), ¶6.

5. Lee does not dispute that Exhibit "1" to the Delaney Declaration is a copy of the Dealer Agreement and Standard Provisions. Lee Aff., ¶6.

6. Lee does not dispute that it received a letter dated August 25, 2003 from Jaguar informing Lee that "Jaguar Cars and Land Rover have authorized the establishment of the respective line-makes at the single facility to be called *Jaguar Land Rover Norwood* and located at 449 Neponset Street, Norwood, MA 02062." Lee Aff., ¶28; Delaney Declaration, Exhibit "2."

7. Lee has not yet been afforded an opportunity to conduct discovery into Jaguar's claim that the properties are 10.5 miles apart or the underlying methodology used to obtain that figure. However, Lee has filed a motion to strike that statement as the statutory method was not complied with. Lee has not yet obtained an expert report on this issue.

8. The purported statement of fact calls for a legal conclusion to which no response is required. Notwithstanding the above, Lee states that it has informed Jaguar that it believes the establishment of *Jaguar Land Rover Norwood* violates Lee's rights and that Lee has asserted various counterclaims against Jaguar in connection with this action. *See* Defendant Lee Imported Cars, Inc.'s Answer, Counterclaims, and Demand for Trial By Jury.

9. Lee does not dispute that Exhibit "8" to the Delaney Declaration is a copy of a letter dated October 22, 1993, that was previously forwarded to Lee. Lee Aff., ¶16; Delaney

Declaration, Exhibit "8." Lee disputes the assertion that Jaguar initially assigned an AOR to Lee in 1993. Lee Aff., ¶'s 2-12.

LEE IMPORTED CARS, INC.,
By its attorneys,

*/s/ Jason A. Manekas*

Jason A. Manekas, Esquire, BBO No. 632073
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:   (617) 790-3000

Dated: April 5, 2004
#287407 v1/24440/4802