UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x

JAGUAR CARS, A Division of the Ford Motor Company,

                Plaintiff,

- against -

LEE IMPORTED CARS, INC.,

                Defendant.

-----------------------------------------------------------x

Civ. No. 03CV12532RGS

**DECLARATION OF JOHN J. SULLIVAN**

I, John J. Sullivan, do hereby declare as follows:

    1.    I am a member of the firm of Kirkpatrick & Lockhart LLP, attorneys for Plaintiff Jaguar Cars, a Division of the Ford Motor Company ("Jaguar"). I have been admitted *pro hac vice* in this action. I am fully familiar with the prior proceedings had herein. I submit this declaration in reply to the Opposition filed by defendant Lee Imported Cars, Inc. ("Lee") to Jaguar's motions for summary judgment on its claims and partial dismissal of Lee's Counterclaims ("Lee Opp.").

    2.    I wish to bring to the Court's attention certain matters relating to Lee's request for more time to "obtain an expert report regarding the distances between" its dealership and the new dealership site at 449 Neponset Street, Norwood, MA. Lee Opp. at 20.

    3.    As the record shows, Jaguar advised Lee that the points were greater than 8 miles apart by letter dated August 25, 2003; this action was filed in December 2003; and Lee filed pleadings in January 2004 in which it alleged that the two points were within 8 miles of one another. Thus, Lee has had ample opportunity to obtain a distance measurement, and had a duty to make a reasonable pre-filing inquiry before making its allegations.

4.  Shortly after Jaguar filed its motion for summary judgment and partial dismissal on February 27, 2004, Lee's counsel requested, and Jaguar consented to, a two-week extension of Lee's time to respond to the motion. Among the reasons cited by Lee's counsel for this request was Lee's need to retain an expert.

5.  At the preliminary conference with this Court on March 8, 2004, Lee's counsel stated that Lee might need another extension of time in order to hire an expert. The Court responded that it might grant a short extension, but urged Lee to hire any needed expert promptly.

6.  Notwithstanding the foregoing, and the fact that Lee had five weeks to file its opposition, Lee now requests more time to hire an expert, without any explanation of (a) why, between August 2003 and today, it has not done so, or (b) what basis it has for alleging that the two points are within 8 miles of each other.

7.  Lee cannot claim that it has not had the time or the resources to devote to its challenge to the Norwood dealership. In fact, Lee has spent hundreds of thousands of dollars and numerous hours of attorney time challenging the Norwood point in other forums.

8.  Annexed as Exhibit A hereto is a copy of Lee's Special Motion to Dismiss Pursuant to M.G.L.C. 231, § 98H, in an action brought in state court. In that case, the plaintiff alleges that it will be the new Norwood Jaguar dealer and that Lee has tortiously interfered with its efforts to establish the dealership. In Exhibit A, Lee admits that (a) after learning of Jaguar's intention to locate a new dealer at 449 Neponset Street in Norwood, Lee's owner, Christopher Lee, instructed his attorneys of record in this action to "monitor the zoning process including appearing at certain public hearings before the Town of Norwood Zoning Board of Appeals" (Affidavit of Christopher J. Lee, dated April 12, 2004, ¶¶ 3, 6); (b) as early as November 28, 2003, Mr. Lee initiated the process of purchasing a condominium unit on a nearby property for the purpose of obtaining standing to challenge the zoning requests of the potential Jaguar franchisee (Id. ¶¶ 3, 6, 8); and (c) in January 2004, an LLC owned by Mr. Lee took title to the

2

condo and filed an appeal of the zoning board's decision to grant the prospective Jaguar franchisee's zoning request (Id., ¶¶ 8-9.).

9. Attached hereto as Exhibit B are two documents provided to me by Lee's counsel at my request: (i) a "Quitclaim Deed," dated January 14, 2004, reciting that the condominium unit was transferred to Mr. Lee's LLC for $220,000; and (ii) a Member's Consent signed by Mr. Lee, dated January 15, 2004, in which Mr. Lee authorizes a $177,600 loan and mortgage in connection with the purchase of the condominium unit.

10. Based on the foregoing, Jaguar submits that any assertion by Lee that it has not had the time or the resources to obtain a distance measurement to determine whether it has any good faith basis for claiming that it has standing under Chapter 93B should be rejected by this Court. Lee and its owner have demonstrated that they have ample resources to devote to attacking the new dealership in the forums they choose.

11. At the March 8, 2004 conference, Lee's counsel asserted that Lee had a good-faith basis for contending that the two sites were within 8 miles of one another. He went on to mention a number of ways, short of an "expert's" measurement, in which one might obtain such a good-faith basis. One of the means he mentioned (although I do not recall whether he specifically represented that Lee had employed such a method) was to do a "MapQuest" search.

12. On April 25, 2004, we visited the internet site www.mapquest.com. In order to get a driving distance between the two dealerships, we used mapquest.com's "get directions" feature, which required us to enter the address information for Lee and the proposed dealership. We entered Lee's address (962 Worcester Road, Wellesley, MA 02482-3725) in the "from" field and the proposed Norwood dealership's address (449 Neponset Street, Norwood, MA 02062) in the "to" field and clicked on "get directions." We received a message from mapquest.com stating that it could not find a "Worcester Road," but only a "Worcester Street" (Route 9). The system used Worcester Street (Route 9) in calculating the driving distance between the two dealerships and in giving us driving directions. The zipcode used for Worcester Street was exactly the same as that for Worcester Road. Mapquest.com reported that the driving

distance between the two dealerships is 14.74 miles. Attached hereto as Exhibit C is a true and correct copy of the driving directions from Worcester Street to the proposed Norwood dealership provided by mapquest.com.

13. Later that day we visited Lee's website (www.leejaguar.com) to confirm Lee's address. According to Lee's website, its address is 962 Worcester Road (Route 9) Wellesley, MA 02482. Lee's web-page has a hyperlink labeled "contact us." Clicking on that link brought up another page with a hyperlink that read "Can I get directions to Lee Imported Cars?" Clicking on that link brought us to a "Yahoo! Maps" page that allowed us to get driving directions from Lee to the proposed Norwood dealership. We entered the proposed Norwood dealership's address in the "to" field. Lee's address was automatically filled in by the system in the "from" field. Notably, Yahoo! Maps also used Worcester Street (not Worcester Road) in determining the driving distance between the two dealerships. Yahoo! Maps reported that the driving distance between the two dealerships is 14.7 miles. Annexed hereto as Exhibit D is a true and correct copy of the driving directions obtained from Yahoo! Maps via Lee's own website.

14. While neither Exhibit C nor Exhibit D is a definitive measurement of the distance between Lee's dealership and the Norwood point for purposes of Chapter 93B, the information from these websites could not give any person a good-faith basis for believing that the two points might be within 8 miles of one another.

15. Finally, in arguing that Lee should be given discovery as to when Jaguar entered into an agreement with the prospective Norwood franchisee, Lee states that "its requests to be provided the applicable documentation [have not] produced such documentation." Lee Opp. at pp. 11-12. Lee's counsel asked me to provide this documentation, representing that Lee wanted the documentation in order to identify the "John Doe" named in its Third-Party Complaint so that it could make service of that Complaint. Accordingly, I advised Lee's counsel of the name of the corporate entity with which Jaguar had signed its preliminary agreement. I also offered to provide the applicable documentation, if Lee would provide Jaguar with

4

documents relating to the zoning challenge. This exchange was ultimately made, and Jaguar provided Lee with the "applicable documentation" on or about April 8, 2004. At no time did Lee's counsel ever advise me that he wanted or needed the documentation in connection with this summary judgment motion.

Signed under the pains and penalties of perjury this 26th day of April, 2004.

_____
John J. Sullivan