# **<u>EXHIBIT A</u>**

Case 1:03-cv-12532-RGS     Document 24-2     Filed 04/26/2004     Page 1 of 19

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 04-0944-BLS
                                                (Judge van Gestel)

|                           |   |
|---------------------------|---|
| JMK, INC.,                | ) |
|            Plaintiff,     | ) |
|                           | ) |
| v.                        | ) |
|                           | ) |
| LEE IMPORTED CARS, INC.,  | ) |
|            Defendant.     | ) |

### DEFENDANT LEE IMPORTED CARS, INC.'S SPECIAL MOTION TO DISMISS PURSUANT TO M.G.L. c. 231, § 59H

Defendant Lee Imported Cars, Inc. ("Lee") hereby moves, in accordance with M.G.L. c. 231, § 59H, that the Court dismiss the Complaint in this matter and award Lee its costs and reasonable attorneys' fees. As grounds therefor, Lee states that the gravamen of Plaintiff JMK, Inc.'s claims are based upon activities relating to Lee's exercise of its right to appear before, make statements to, and later appeal a decision of the Town of Norwood Zoning Board of Appeals ("Decision"). As the claims raised in the Complaint are based upon Lee's exercise of its right to petition under the laws of the Commonwealth of Massachusetts and Lee's appeal of the Decision is not devoid of any reasonable factual support or any arguable basis in law, the Complaint must be dismissed.[1]

WHEREFORE, Lee requests that the Court dismiss the Complaint and award Lee its costs and reasonable attorneys' fees expended on this matter.

---

[1] JMK, Inc. will also be unable to establish any actual injury, but such a ruling is not necessary if the Court determines Lee's appeal is not devoid of merit.

In further support of this Motion, Lee files herewith and incorporates herein by reference the following documents:

1. Memorandum of Law in Support of Defendant Lee Imported Cars, Inc.'s Special Motion to Dismiss Pursuant to M.G.L. c. 231, § 59H; and

2. Affidavit of Christopher J. Lee in Support of Defendant Lee Imported Cars, Inc.'s Special Motion to Dismiss Pursuant to M.G.L. c. 231, § 59H.

Respectfully submitted,
LEE IMPORTED CARS, INC.,
By its attorneys,

/Jason A. Manekas, Esquire, BBO No. 632073
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:  (617) 790-3000
Facsimile:  (617) 790-3300

Dated: April 12, 2004
#288231 v1/24440/4802

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) 4/12/04.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 04-0944-BLS
                                                (Judge van Gestel)

JMK, INC.,                      )
              Plaintiff,        )
                                )
v.                              )
                                )
LEE IMPORTED CARS, INC.,        )
              Defendant.        )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEE IMPORTED CARS, INC.'S SPECIAL MOTION TO DISMISS PURSUANT TO M.G.L. C. 231, § 59H

### I. Introduction

By virtue of this action, Plaintiff JMK, Inc. ("JMK") seeks to intimidate and exert financial pressure upon Defendant Lee Imported Cars, Inc. ("Lee") by asserting claims that arise out of Lee's attempt to exercise its petitioning rights in connection with a proceeding before the Town of Norwood Zoning Board of Appeals ("Zoning Board").[1] Since the gravamen of JMK's Complaint is based upon Lee's appearance before, statements made to, and ultimate appeal of a decision of the Zoning Board, the Complaint must be dismissed in accordance with M.G.L. c. 231, § 59H, which prohibits claims based upon a party's petitioning rights. As the allegations relate substantially to Lee's petitioning activities, and JMK will be unable to demonstrate that there exists no arguable basis for such claims, the Court must dismiss JMK's Complaint and award Lee its costs and reasonable attorneys' fees as required by M.G.L. c. 231, § 59H.

---

[1] As discussed *infra*, the petitioning activities were undertaken by a limited liability company named Hilltop Gardens Investment LLC ("Hilltop"), which was formed by Christopher J. Lee. Rather than naming Hilltop or Mr. Lee, however, JMK is attempting to exert additional pressure by naming a corporation run by Mr. Lee and of which Mr. Lee is president and a major stockholder.

## II. Factual Background

1. Christopher J. Lee is President and a shareholder of Lee Imported Cars, Inc. ("Lee"), a Massachusetts corporation with a principal place of business at 962 Worcester Road, Wellesley, Massachusetts 02482. Mr. Lee is also the sole member of Hilltop Gardens Investment LLC ("Hilltop"), a Massachusetts limited liability company. Affidavit of Christopher J. Lee ("Lee Affidavit"), ¶ 1.

2. Lee has been a franchisee of Jaguar Cars Inc. ("Jaguar") since 1974. Lee Affidavit, ¶ 2.

3. By letter dated August 25, 2003, Jaguar informed Lee that it planned to locate a new dealer called Jaguar Land Rover Norwood (the "Norwood Dealership") at 449 Neponset Street, Norwood, Massachusetts (the "Property"). Lee Affidavit, ¶ 3.

4. Based upon Lee's course of dealings with Jaguar, Jaguar's various representations to Lee, and Lee's Dealer Agreement dated as of January 1, 1989, Lee believes that the Norwood Dealership is located within Lee's area of responsibility and/or relevant market area. As such, Lee notified Jaguar of its objection to the Norwood Dealership. Lee Affidavit, ¶ 4.

5. On or about December 17, 2003, Jaguar commenced an action against Lee in the United States District Court for the District of Massachusetts bearing Civil Action No. 03-CV-012532-RGS ("Federal Action") seeking declaratory relief as to whether Jaguar has a right to place a new dealership at the Property in Norwood, Massachusetts. The Federal Action is still pending. Lee Affidavit, ¶ 5.

6. As Mr. Lee was aware of Jaguar's intention to locate a dealership at the Property, he had his attorneys at Bernkopf, Goodman & Baseman LLP monitor that process, including

appearing at certain public hearings before the Town of Norwood Zoning Board of Appeals ("Zoning Board"). Lee Affidavit, ¶ 6.

7. In connection with the zoning process being undertaken at the Property by JMK Development LLC ("JMK Development"), several special permits were sought from the Zoning Board. Although the zoning by-laws required certain conditions precedent to the granting of any such special permits, it appeared that the Zoning Board failed to undertake any meaningful analysis or to make adequate findings warranting the issuance of the special permits. In fact, it was Mr. Lee's impression that JMK Development's attorney was receiving preferential treatment for his client from the Zoning Board. Lee Affidavit, ¶ 7.

8. On November 28, 2003, Hilltop, through its manager, Frederick Kiely, entered into a Offer to Purchase certain property commonly known as Unit K-1, Hilltop Gardens Condominium, 213 Rock Street, Norwood, Massachusetts ("Unit K-1"). Lee Affidavit, ¶ 8 and Exhibit "A." On January 15, 2004, Hilltop took title to Unit K-1. Lee Affidavit, ¶ 8 and Exhibit "B." Hilltop took legal title to Unit K-1 as Mr. Lee did not desire to hold legal title in his individual name. Lee Affidavit, ¶ 8.

9. As JMK Development failed to comply with the requirements of the applicable zoning by-laws and the Zoning Board failed to make adequate or appropriate findings or to undertake any meaningful analysis, Hilltop filed an appeal of the Zoning Board's decision in a matter entitled *Hilltop Gardens Investment LLC v. JMK Development LLC et al.*, Land Court No. 295906 ("Zoning Action"). Lee Affidavit, ¶ 9 and Exhibit "C." The specific grounds for the appeal are set forth in detail in the Complaint. *See* Lee Affidavit, Exhibit "C." The Zoning Action was filed in January 2004, is still pending, and none of the defendants have sought to dismiss any claims. Lee Affidavit, ¶ 9.

10. The purpose of the appeal was to ensure that JMK Development complied with the applicable zoning by-laws and did not receive preferential treatment from the Zoning Board. Lee Affidavit, ¶ 10.

11. In addition, Joseph A. Robicheau, Trustee of JDJC Realty Trust, also filed an action entitled *Joseph A. Robicheau, Trustee of JDJC Realty Trust v. Patrick J. Mulvehill, et al.*, Land Court No. 295831 challenging the Zoning Board's grant of the special permits to JMK Development. Lee Affidavit, ¶ 11 and Exhibit "D." Mr. Robicheau's action is still pending and none of the defendants have sought to dismiss any claims. Lee Affidavit, ¶ 11.

12. In connection with the Zoning Action, JMK Development issued various subpoena, including one directed to Banknorth, N.A., which financed the purchase of Unit K-1 by Hilltop. Lee Affidavit, ¶ 12 and Exhibit "E."

13. In connection with the instant action, JMK issued a substantially similar subpoena to Banknorth, N.A. Lee Affidavit, ¶ 13 and Exhibit "F."

14. Substantially all of the alleged activity in JMK's Complaint relates to Mr. Lee's involvement with the zoning process, Hilltop's purchase of Unit K-1, and the filing of the Zoning Action. Lee Affidavit, ¶ 14 and Exhibit "G."

### III. Argument

#### A. JMK's Claims Must Be Dismissed as They Violate the Anti-SLAPP Statute

In the instant matter, JMK's Complaint sets forth two counts: (1) tortious interference with advantageous and actual business relations; and (2) violation of M.G.L. c. 93A. Although characterized as independent torts, the gravamen of JMK's claims are based upon activities relating to Lee's exercise of its right to appear before, make statements to, and later appeal a decision of the Zoning Board (the "Decision"). As the claims raised in the Complaint are based

- 4 -

upon Lee's exercise of its right to petition under the laws of the Commonwealth of Massachusetts and Lee's appeal of the Decision is not devoid of any reasonable factual support or any arguable basis in law, the claims are barred by M.G.L. c. 231, § 59H.

M.G.L. c. 231, § 59H, commonly known as the "anti-SLAPP" statute, was enacted to protect a party's exercise of its right of petition.[2] M.G.L. c. 231, § 59H. As set forth in *Duracraft Corp. v. Holmes Prod. Corp.*, 427 Mass. 156, 162 (1998), "the Legislature intended to enact very broad protection for petitioning activities." See *Office One, Inc. v. Lopez*, 437 Mass. 113, 121 (2002) (ruling anti-SLAPP statute applied to private actions undertaken by group of politically connected individuals); *Baker v. Parsons*, 434 Mass. 543, 549 (2001) (noting statute goes beyond the "typical" case and provides very broad protection). The anti-SLAPP statute permits a defendant to file a special motion to dismiss the claims if it demonstrates that the claims are based upon its petitioning activities. M.G.L. c. 231, § 59H.

In order to prevail on a special motion to dismiss, Lee must

> make a threshold showing through the pleadings and affidavits that the claims against it are 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.

*Baker*, 434 Mass. at 550, quoting *Duracraft Corp.*, 427 Mass. at 167-168. "[T]he motive behind the petitioning activity is irrelevant at this initial stage." *Office One, Inc.*, 437 Mass. at 122; Rodman, Robert M., Massachusetts Practice - Procedural Forms, vol. 10A, § 2388 (5th ed. & 2003 Supp.). Rather, "[t]he focus is on the conduct complained of ...." *Office One, Inc.*, 437 Mass. at 122.

---

[2] The acronym "SLAPP" means Strategic Lawsuit Against Public Participation. *Duracraft Corp. v. Holmes Prod. Corp.*, 427 Mass. 156, 160 n.7 (1998).

Once Lee demonstrates that the claims are based on petitioning activities, the burden shifts to JMK to show that,

> (1) the moving party's exercise of its rights to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party.

*Baker*, 434 Mass. at 551-552, quoting M.G.L. c. 231, § 59H. JMK must demonstrate by a preponderance of the evidence that Lee lacked any reasonable factual support or any arguable basis in law for its petitioning activity. *Baker*, 434 Mass. at 553-554. As set forth below, JMK's claims have no substantial basis other than Lee's petitioning activities and JMK will be unable to establish that the petitioning activity is devoid of any reasonable support or arguable legal basis, or that JMK has suffered any actual injury. Accordingly, JMK's Complaint must be dismissed.

1. **JMK's Claims Are Based Upon Lee's Petitioning Activities**

JMK's Complaint sets forth claims for tortious interference with advantageous and actual business relations and a violation of M.G.L. c. 93A. In reviewing a special motion to dismiss, the Court must examine the underlying basis for the claims rather than focusing on the stated cause of action. *Office One, Inc.*, 437 Mass. at 122 (stating Court must focus on conduct complained of); *see Baker*, 434 Mass. at 551 (noting defamation is one of the most popular SLAPP causes of action and examining underlying allegations). In fact, interference with contractual or advantageous relations and violations of chapter 93A are two of the more common SLAPP causes of action prohibited by the anti-SLAPP statute. *See Donovan v. Gardner*, 50 Mass. App. Ct. 595, 596 and 600 (2000) (dismissing claim of intentional interference with advantageous relations); *Office One, Inc.*, 437 Mass. at 118-119 and 123-124 (dismissing claims of interference with contractual relations and interference with advantageous relations).

A review of JMK's Complaint reveals that its claims have no substantial basis other than Lee's petitioning activities. The "Introduction" to JMK's Complaint avers that Lee, through its attorneys and a shell limited liability company, i.e., Hilltop, "acted unlawfully in interfering with JMK Inc.'s proposed Land Rover and Jaguar dealership in Norwood, Massachusetts." Lee Affidavit, Exhibit "G." The Complaint then sets forth the history of the zoning dispute: ¶ 12 obliquely references a surreptitious appearance before the Zoning Board; ¶'s 13-18 include allegations as to what was done or said at the zoning hearings; ¶'s 19-21 include allegations that Hilltop acquired Unit K-1 to acquire standing to contest the Zoning Board's Decision; and ¶'s 22-23 reference the Zoning Action itself. *Id.*, Exhibit "G," ¶'s 12-23. The remaining allegations set forth in the "Facts" section of the Complaint relate to the ongoing Federal Action and are not the substantial basis of the Complaint. *Id.*, Exhibit "G." As JMK's Complaint has no substantial basis other than Lee's petitioning activities, Lee has met the threshold inquiry and the burden then shifts to JMK to demonstrate that Lee's zoning challenge is devoid of any reasonable support or arguable legal basis.

The Court's decision in *Donovan v. Gardner*, 50 Mass. App. Ct. 595 (2000) is also instructive to the instant action. In *Donovan*, 50 Mass. App. Ct. at 596, the plaintiffs brought claims against their neighbors for abuse of process, invasion of privacy, intentional interference with advantageous relations, civil rights violations, and intentional infliction of emotional distress. The plaintiffs claimed that their neighbors contested a variance, alleged various nuisances, and made a wide variety of complaints to both state and federal agencies that were motivated solely by personal animosity. *Id.* at 596-598. The plaintiffs also alleged that their neighbor's agreement to fund the legal initiatives for other neighbors made the petitioning activities a sham or pretense intended to thwart permitted uses of their property. *Id.* at 598. The

-7-

Court gave no credence to the plaintiffs' allegations and held that defendants made an initial showing that the plaintiffs' claims had no substantial basis other than the petitioning activities notwithstanding the underlying motivations. *Id.* at 599. The Court further concluded that the fact that the majority of the underlying incidents were resolved in the plaintiffs' favor did not mean that there was no colorable basis for the petitions. *Id.* at 600. The Court then granted the special motion to dismiss and awarded defendants' costs and reasonable attorneys' fees. *Id.* at 601. Based upon the *Donovan* decision, it is evident that JMK's suspected claim of improper motive will fail.

Further, to the extent JMK claims that the anti-SLAPP statute is inapplicable to the instant dispute between two private entities, such an argument must fail. It is irrelevant that the dispute is purely private in nature. *McLaron v. Jokisch*, 431 Mass. 343, 345-347 (2000); *see Duracraft Corp.*, 427 Mass. at 164 (noting anti-SLAPP statute applies to disputes among abutting property owners and commenting on how Legislature removed phrase "of public concern" from statute). Accordingly, Lee has met its threshold showing that JMK's claims relate substantially to Lee's petitioning activities.

2. **Lee's Petitioning Activities Are Not Devoid of Merit and, In Any Event, JMK Has Suffered No Actual Harm**

The underlying Zoning Action challenges the issuance of certain special permits. Lee is not asserting that JMK cannot build any structure on the site, but rather that JMK must either build something that is permitted under the zoning by-laws or comply with the applicable zoning by-laws to obtain special permits and/or variances. The Complaint filed in connection with the Zoning Action sets forth in detail the deficiencies in the Zoning Board's Decision. *See* Lee Affidavit, Exhibit "C." Although not exhaustive, the Zoning Board failed to make appropriate findings of fact as required by Sections 1422, 1425, 1426, and 1428 of the zoning by-laws.

- 8 -

improperly permitted JMK to pave an additional area within the landscape buffer established by Section 5321 of the zoning by-laws, and improperly treated an enlargement of the existing building by 3,000 square feet as an alteration or extension of a non-conforming use. Lee Affidavit, Exhibit "C." A review of the Complaint from the Zoning Action reveals that it is not devoid of any reasonable factual support or any arguable basis in law.

In addition, as set forth in the Lee Affidavit, the goal of appearing before the Zoning Board, raising various issues, and subsequently appealing the Zoning Board's grant of certain special permits was designed to ensure that JMK complied with applicable law and did not receive preferential treatment. *See Baker*, 434 Mass. at 549-550 (concluding plaintiff's argument that allowing the special motion to dismiss interferes with his right to obtain permits under state and federal law was without merit as plaintiff must comply with the legal process); *Morse Bros., Inc. v. Webster*, 772 A.2d 842, 850 (Me. 2001) (finding statement by petitioning party that his intent was to force compliance with applicable law was proper). The rationale for taking the appeal, however, does not impact whether the appeal is devoid of any merit. *See Morse Bros., Inc.*, 772 A.2d at 850 (stating allegations that petitioner "intended to litigate the project to its death," that he would appeal every zoning decision, and that he would see them next time did not alter fact that appeal had some merit). Even if JMK were to establish that Lee was acting purely for its own economic interest, such a finding is irrelevant to the Court's determination whether Lee's petitioning activities are devoid of merit. *See Office One, Inc.*, 437 Mass. at 123 (concluding it was irrelevant whether party "was doing so [i.e., exercising petition rights] purely for economic self-interest").

Moreover, Lee is not the only entity that has appealed the Zoning Board's Decision. In fact, another abutting entity controlled by Joseph Robicheau, Trustee of JDJC Realty Trust, also

- 9 -

filed an appeal that is currently pending in the courts ("Robicheau Action"). The fact another appeal is pending adds credence to the position that Lee's appeal is not devoid of merit. In fact, although the Zoning Action and the Robicheau Action were filed in January 2004, none of the defendants have sought to dismiss any claims. Based upon the above, JMK will be unable to demonstrate that Lee's Zoning Action is devoid of any reasonable factual support or any arguable basis in law.[3]

### 3. For Purposes of this Special Motion to Dismiss, Lee Must Be Treated as the Petitioning Party

In an attempt to further burden the petitioning party, JMK chose not to raise the instant claims as counterclaims to the Zoning Action, but rather filed the instant action against a company run and owned by Christopher J. Lee. It is expected that JMK may argue that the anti-SLAPP statute thus has no application to the instant action as the petitioning activities were undertaken by Hilltop and/or Mr. Lee. Such an argument, however, is unsupported in both fact and law. To the extent JMK argues that the alleged activities were undertaken not by Lee, but rather by Hilltop and/or Mr. Lee, JMK will be acknowledging that its Complaint should be dismissed for failure to state a claim. To the extent JMK argues that Lee was the party guiding the appeal of the Zoning Board Decision, JMK is simply proving that the petitioning activities were the activities of Lee.

Perhaps more importantly, the purpose of the anti-SLAPP statute is to prohibit all lawsuits based upon petitioning activities and there exists no legal support for distinguishing between the form of ownership or entities involved. In fact, JMK served virtually identical discovery against Hilltop in the Zoning Action and Lee in the instant action. *See* Lee Affidavit,

---

[3] JMK has also failed to suffer any actual harm. In fact, JMK cannot go forward with construction until the Robicheau Action is resolved, which Lee does not control.

- 10 -

Exhibits "E" and "F." JMK's own actions demonstrate its belief that Lee was the petitioning party. JMK's expected argument that Lee should be treated differently in connection with this action is nothing more than a transparent attempt to continue to harass Lee.

When ruling on a special motion to dismiss, the Court's analysis is limited to the activities at issue and Lee has been unable to find any authority in which the Court has distinguished between form of ownership of the petitioning party. In fact, in *Baker*, the Court failed to make any distinction between an individual and the corporation with which she was affiliated. In *Baker*, 434 Mass. at 545, the plaintiff applied for a license from the Massachusetts Department of Environmental Protection ("DEP") and for a federal permit from the United States Army Corps of Engineers ("Army Corps") to construct a pier on his property. In connection with the application process, Defendant Parsons made statements and authored a letter designed to halt the project. *Id.* at 545-546. As a result of Parsons' statements, a petition was filed requiring that the Executive Office of Environmental Affairs conduct an environmental impact study, which effectively stopped the project. *Id.* Although Parsons did not sign the petition, the plaintiff filed a lawsuit against Parsons in her individual capacity and also against the organization that she worked for. *Id.* at 546 and 549. The lawsuit asserted claims for intentional infliction of emotional distress, slander, libel, and civil rights violations, and sought damages for lost income, emotional distress, and physical injuries. *Id.* at 547 n.8. The *Baker* Court upheld the dismissal of all claims based upon the anti-SLAPP statute as it was clear that defendants were sued because of petitioning activities. *Id.* at 550. The *Baker* Court made no distinction between the fact that Parsons was sued individually and that an organization was also sued as all of the activities related to petitioning activities. *Id.* at 550-552. Based upon the

above, Hilltop, Mr. Lee, and Lee should be treated as the same entity for purposes of this special motion to dismiss.

### B. Lee is Entitled to An Award of Its Costs and Reasonable Attorneys' Fees Upon a Finding in Its Favor

The anti-SLAPP statute provides, in pertinent part, that the Court "shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters." M.G.L. c. 231, § 59H. Upon granting Lee's special motion to dismiss, the court must grant Lee its attorney's fees and costs, as well as any costs and fees incurred on appeal. *See, e.g., Office One, Inc.*, 437 Mass. at 126; *McLaron*, 431 Mass. at 349-350; *MacDonald v. Paton*, 57 Mass. App. Ct. 290 (2003). As the award of costs and attorneys' fees is mandatory, the Court must provide for such an award upon finding in Lee's favor on this special motion to dismiss.[4]

### IV. Conclusion

Based upon the foregoing, Lee respectfully requests that this dismiss JMK's Complaint, award Lee its costs and reasonable attorneys' fees in connection with this action in accordance with M.G.L. c. 231, § 59H, and award such additional relief as is just and proper.

Respectfully submitted,
LEE IMPORTED CARS, INC.,
By its attorneys,

Jason A. Manekas, Esquire, BBO No. 632073
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone: (617) 790-3000
Facsimile: (617) 790-3300

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) 4/12/04

Dated: April 12, 2004
#288279 v1/24440/4802

---

[4] Lee requests that it be permitted to file an Affidavit regarding the total amount of fees and costs expended after the Court enters a ruling in its favor on the instant motion.

- 12 -

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04-0944-BLS
(Judge van Gestel)

|  |  |
|---|---|
| JMK, INC., Plaintiff, | ) ) ) ) |
| v. | ) ) |
| LEE IMPORTED CARS, INC., Defendant. | ) ) ) ) |

### AFFIDAVIT OF CHRISTOPHER J. LEE IN SUPPORT OF DEFENDANT LEE IMPORTED CARS, INC.'S SPECIAL MOTION TO DISMISS PURSUANT TO M.G.L. c. 231, § 59H

I, Christopher J. Lee, on oath hereby depose and state as follows:

1. I am President and a shareholder of Lee Imported Cars, Inc. ("Lee"), a Massachusetts corporation with a principal place of business at 962 Worcester Road, Wellesley, Massachusetts 02482. I am also the sole member of Hilltop Gardens Investment LLC ("Hilltop"), a Massachusetts limited liability company. This Affidavit is based upon facts which are personally known by me and/or upon records and other documents reviewed by me.

2. Lee has been a franchisee of Jaguar Cars Inc. ("Jaguar") since 1974.

3. By letter dated August 25, 2003, Jaguar informed Lee that it planned to locate a new dealer called Jaguar Land Rover Norwood (the "Norwood Dealership") at 449 Neponset Street, Norwood, Massachusetts (the "Property").

4. Based upon Lee's course of dealings with Jaguar, Jaguar's various representations to Lee, and Lee's Dealer Agreement dated as of January 1, 1989, Lee believes that the Norwood Dealership is located within Lee's area of responsibility and/or relevant market area. As such, Lee notified Jaguar of its objection to the Norwood Dealership.

5. On or about December 17, 2003, Jaguar commenced an action against Lee in the United States District Court for the District of Massachusetts bearing Civil Action No. 03-CV-012532-RGS ("Federal Action") seeking declaratory relief as to whether Jaguar has a right to place a new dealership at the Property in Norwood, Massachusetts. The Federal Action is still pending.

6. As I was aware of Jaguar's intention to locate a dealership at the Property, I had my attorneys at Bernkopf, Goodman & Baseman LLP monitor that process, including appearing at certain public hearings before the Town of Norwood Zoning Board of Appeals ("Zoning Board").

7. In connection with the zoning process being undertaken at the Property by JMK Development LLC ("JMK Development"), several special permits were sought from the Zoning Board. Although the zoning by-laws required certain conditions precedent to the granting of any such special permits, it appeared that the Zoning Board failed to undertake any meaningful analysis or to make adequate findings warranting the issuance of the special permits. In fact, it was my impression that JMK Development's attorney was receiving preferential treatment for his client from the Zoning Board.

8. On November 28, 2003, Hilltop, through its manager, Frederick Kiely, entered into a Offer to Purchase certain property commonly known as Unit K-1, Hilltop Gardens Condominium, 213 Rock Street, Norwood, Massachusetts ("Unit K-1"). A true and accurate copy of the Offer to Purchase is attached hereto as Exhibit "A." On January 15, 2004, Hilltop took title to Unit K-1. A true and accurate copy of the Quitclaim Deed is attached hereto as Exhibit "B." Hilltop took legal title to Unit K-1 as I did not desire to hold legal title in my individual name.

9. As JMK Development failed to comply with the requirements of the applicable zoning by-laws and the Zoning Board failed to make adequate or appropriate findings or to undertake any meaningful analysis, Hilltop filed an appeal of the Zoning Board's decision in a matter entitled *Hilltop Gardens Investment LLC v. JMK Development LLC et al.*, Land Court No. 295906 ("Zoning Action"). A true and accurate copy of the Complaint is attached hereto as Exhibit "C." The specific grounds for the appeal are set forth in detail in the Complaint. *See* Exhibit "C." The Zoning Action was filed in January 2004, is still pending, and none of the defendants have sought to dismiss any claims.

10. The purpose of the appeal was to ensure that JMK Development complied with the applicable zoning by-laws and did not receive preferential treatment from the Zoning Board.

11. In addition, Joseph A. Robicheau, Trustee of JDJC Realty Trust, also filed an action entitled *Joseph A. Robicheau, Trustee of JDJC Realty Trust v. Patrick J. Mulvehill, et al.*, Land Court No. 295831 challenging the Zoning Board's grant of the special permits to JMK Development. A true and accurate copy of the Notice of Action and Complaint are attached hereto as Exhibit "D." It is my understanding that Mr. Robicheau's action is still pending and that none of the defendants have sought to dismiss any claims.

12. In connection with the Zoning Action, JMK Development issued various subpoena, including one directed to Banknorth, N.A., which financed the purchase of Unit K-1 by Hilltop. A true and accurate copy of the subpoena is attached hereto as Exhibit "E."

13. In connection with the instant action, JMK issued a substantially similar subpoena to Banknorth, N.A. A true and accurate copy of the subpoena is attached hereto as Exhibit "F."

14. After reviewing the Complaint in the instant action, substantially all of the alleged activity relates to my involvement with the zoning process, Hilltop's purchase of Unit K-1, and

the filing of the Zoning Action. A true and accurate copy of the Complaint in the instant matter is attached hereto as Exhibit "G."

Signed under the pains and penalties of perjury this __12th__ day of April 2004.

_____
Christopher J. Lee, President of Lee Imported Cars, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) __4/12/04__.

_____

- 4 -