UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------x

JAGUAR CARS, A Division of the Ford Motor Company,

       Plaintiff,

 - against -

LEE IMPORTED CARS, INC.,

       Defendant.

-------------------------------------------------------------x

Civ. No. 03CV12532RGS

**REPLY TO COUNTERCLAIM**

  Plaintiff-Counterclaim/Defendant Jaguar Cars, a division of the Ford Motor Company ("Jaguar"), for its Reply to the Counterclaims of Lee Imported Cars, Inc. ("Lee"), by its attorneys Kirkpatrick & Lockhart LLP, while reserving all of its rights under the Court's Memorandum and Order on Plaintiff's Motion for Summary Judgment dated May 18, 2004 (the "Order"), including but not limited to the right to make no response to any and all allegations that relate solely to claims dismissed under the Order, alleges as follows:

  1.  Admits on information and belief the allegations set forth in paragraph 1 of the Counterclaims.

  2.  In response to paragraph 2 of the Counterclaims, admits that Jaguar is a division of the Ford Motor Company, which is a corporation organized under the laws of Delaware with its principal place of business in Dearborn, Michigan, and that Jaguar is the successor-in-interest to Jaguar Cars, Inc.

  3.  Denies each and every allegation set forth in paragraph 3 of the Counterclaims, except admits on information and belief that, since in or about 1974, Lee has had

NY-304140 v1 0801015-0940

a contract, either with Jaguar or with other companies who offered the Jaguar brand in the United States, to sell Jaguar vehicles and related products.

      4.      Denies each and every allegation set forth in paragraph 4 of the Counterclaims, except admits that Lee entered into a Performance Agreement, dated November 23, 1987, pursuant to which Lee agreed, among other things, to construct a new facility, and respectfully refers the Court to that agreement for the contents thereof.

      5.      Denies each and every allegation set forth in paragraph 5 of the Counterclaims, except admits that in the Performance Agreement Lee agreed to budget and spend certain amounts on advertising and to continue to participate in Jaguar's National Co-Operative Advertising and Major Metro Programs, and respectfully refers the Court to the Performance Agreement for the contents thereof.

      6.      Denies each and every allegation set forth in paragraph 6 of the Counterclaims, except admits that Lee and Jaguar entered into a Dealer Agreement dated as of January 1, 1989, which incorporates the "Dealer Agreement Standard Provisions" and exhibits thereto.

      7.      Jaguar admits that paragraph 7 of the Counterclaims quotes from Section 7.2 of the Dealer Agreement Standard Provisions, while substituting the word "Jaguar" for the words "the Company" and sometimes substituting the word "Lee" for the word "Dealer," and respectfully refers the Court to the Dealer Agreement and the Standard Provisions for the full contents thereof.

      8.      Admits that paragraph 8 of the Counterclaims quotes a portion of Section 2.2 of the Dealer Agreement Standard Provisions, while substituting the word "Jaguar" for the

words "the Company" and the word "Lee" for the word "Dealer," and respectfully refers the Court to the Dealer Agreement and Standard Provisions for the contents thereof.

9. Denies each and every allegation set forth in paragraph 9 of the Counterclaims and respectfully refers the Court to Article 12 of the Dealer Agreement Standard Provisions for the contents thereof.

10. Denies each and every allegation set forth in paragraph 10 of the Counterclaims, except admits that in or about October 1993, Jaguar assigned an area of primary sales responsibility ("AOR") to Lee, and that Lee's AOR may initially have included Norwood, Massachusetts 02062.

11. Denies each and every allegation set forth in paragraph 11 of the Counterclaims, except denies knowledge or information sufficient to form a belief as to Lee's allegations that it made a substantial, long-term investment in its property, plant and equipment, then began developing a customer base in its AOR to which it committed substantial resources.

12. Denies each and every allegation set forth in paragraph 12 of the Counterclaims.

13. Denies each and every allegation set forth in paragraph 13 of the Counterclaims, except admits that, as of 1999, Jaguar was exploring open points for new dealerships, including the possibility of locating new dealerships to service Boston, Massachusetts and areas to its south.

14. Denies each and every allegation set forth in paragraph 14 of the Counterclaims, except admits that Lee opposed new dealerships in the Boston area and supported having Jaguar spend additional money to benefit Lee's business.

15. Denies each and every allegation set forth in paragraph 15 of the Counterclaims, except admits that Jaguar informed Lee that it intended to locate a new dealership in Braintree, Massachusetts and had extended an offer to Daniel Quirk.

16. Denies each and every allegation set forth in paragraph 16 of the Counterclaims.

17. Denies each and every allegation set forth in paragraph 17 of the Counterclaims and respectfully refers the Court to the letter of February 14, 2000 for the contents thereof.

18. Denies each and every allegation set forth in paragraph 18 of the Counterclaims.

19. Denies each and every allegation set forth in paragraph 19 of the Counterclaims, except admits that as of April 2000 and August 2000, the zip codes within Norwood, Massachusetts were part of the AOR that Jaguar had assigned to Lee, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Lee considered Norwood to be an important part of its customer base.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Counterclaims.

21. Denies each and every allegation set forth in paragraph 21 of the Counterclaims.

22. Denies each and every allegation set forth in paragraph 22 of the Counterclaims, except admits that Jaguar, as a courtesy, advised Lee that it intended to locate a new dealer in Hanover, Massachusetts.

23. Denies each and every allegation set forth in paragraph 23 of the Counterclaims.

24. Denies each and every allegation set forth in paragraph 24 of the Counterclaims, except admits that Jaguar appointed a dealer in Hanover, Massachusetts and that Jaguar modified the AOR that Jaguar had assigned to Lee at or about the time the Hanover dealership was established.

25. Denies each and every allegation set forth in paragraph 25 of the Counterclaims.

26. Denies each and every allegation set forth in paragraph 26 of the Counterclaims, except admits that by letter dated August 25, 2003, Jaguar informed Lee that it planned to establish a new dealer called Jaguar Land Rover Norwood at 449 Neponset Street, Norwood, Massachusetts.

27. Denies each and every allegation set forth in paragraph 27 of the Counterclaims.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Counterclaims.

29. Denies each and every allegation set forth in paragraph 29 of the Counterclaims.

30. Denies each and every allegation set forth in paragraph 30 of the Counterclaims.

31. Denies each and every allegation set forth in paragraph 31 of the Counterclaims.

32. Denies each and every allegation set forth in paragraph 32 of the Counterclaims, except admits that Jaguar's letter dated August 25, 2003, advised Lee that the Norwood point is outside the statutory relevant market area, as this Court has subsequently confirmed in its Order.

### COUNT I – Breach of Contract

33. With respect to paragraph 33 of the Counterclaims, Jaguar hereby repeats and realleges it responses to paragraphs 1-32 as if fully set forth herein.

34. Admits the allegations set forth in paragraph 34 of the Counterclaims.

35. Denies each and every allegation set forth in paragraph 35 of the Counterclaims.

36. Denies each and every allegation set forth in paragraph 36 of the Counterclaims.

37. Denies each and every allegation set forth in paragraph 37 of the Counterclaims.

38. Denies each and every allegation set forth in paragraph 38 of the Counterclaims.

39. Denies each and every allegation set forth in paragraph 39 of the Counterclaims.

### COUNT II – Breach of Implied Covenant of Good Faith and Fair Dealing

40. With respect to paragraph 40 of the Counterclaims, Jaguar hereby repeats and realleges its responses to paragraphs 1-39 as if fully set forth herein.

41. Admits the allegations set forth in paragraph 41 of the Counterclaims.

42. Paragraph 42 of the Counterclaims contains an allegation concerning a legal principle, to which Jaguar need not respond.

43. Denies each and every allegation set forth in paragraph 43 of the Counterclaims.

44. Denies each and every allegation set forth in paragraph 44 of the Counterclaims.

45. Denies each and every allegation set forth in paragraph 45 of the Counterclaims.

**COUNT III – Intentional Interference with Advantageous Business Relations**

46. With respect to paragraph 46 of the Counterclaims, Jaguar hereby repeats and realleges it responses to paragraphs 1-45 as if fully set forth herein.

47. Denies each and every allegation set forth in paragraph 47 of the Counterclaims.

48. Denies each and every allegation set forth in paragraph 48 of the Counterclaims.

49. Denies each and every allegation set forth in paragraph 49 of the Counterclaims.

50. Denies each and every allegation set forth in paragraph 50 of the Counterclaims.

## COUNT IV – Violation of M.G.L. c. 93B

51. With respect to paragraph 51 of the Counterclaims, Jaguar hereby repeats and realleges it responses to paragraphs 1-50 as if fully set forth herein.

52. Paragraph 52 of the Counterclaims contains an allegation concerning a legal principle, to which Jaguar need not respond.

53. Denies each and every allegation set forth in paragraph 53 of the Counterclaims.

54. Denies each and every allegation set forth in paragraph 54 of the Counterclaims.

## FIRST DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent that the Counterclaims allege that Jaguar breached a contractual obligation to provide Lee with marketing and other assistance, those claims are barred in whole or in part by the statute of limitations.

## THIRD DEFENSE

To the extent that the Counterclaims allege that Jaguar breached a contractual obligation to provide Lee with marketing and other assistance, those claims are barred in whole or in part by the doctrine of laches.

**FOURTH DEFENSE**

To the extent that the Counterclaims allege that Jaguar breached a contractual obligation to provide Lee with marketing and other assistance, those claims are barred in whole or in part by the doctrines of waiver, estoppel, acquiescence, account stated, and/or accord and satisfaction.

**FIFTH DEFENSE**

To the extent that Lee's Counterclaims are based on allegations that Jaguar failed to comply with the implied covenant of good faith and fair dealing, Lee's claims are barred by its own bad faith and unfair conduct in performing the Dealer Agreement, including, but not limited to, Lee's attempts to obstruct Jaguar's lawful establishment of a dealership in Norwood.

WHEREFORE, Jaguar requests a judgment that Lee take nothing on its Counterclaims, and that the Counterclaims be dismissed with prejudice and with costs and with such other further relief as the Court deems just and proper.

Dated: June 2, 2004

        Respectfully submitted,

        KIRKPATRICK & LOCKHART LLP


        By: /s/ Brian M. Forbes
            Brian M. Forbes (BBO#644787)
            Sarah C. Kellogg (BBO# 637530)
            75 State Street
            Boston, Massachusetts 02109
            (617) 261-3100
            bforbes@kl.com
            skellogg@kl.com


        KIRKPATRICK & LOCKHART LLP

            John J. Sullivan (admitted *pro hac vice*)
            599 Lexington Avenue
            New York, New York 10022
            (212) 536-3900
            jsullivan@kl.com

        Attorneys for Plaintiff/Counterclaim Defendants
        Jaguar Cars, a Division of the Ford Motor Company

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 2nd day of June 2004, I caused a copy of Jaguar's Reply to Counterclaims to be served by hand on:

  Jason A. Manekas, Esq.
  Bernkopf, Goodman & Baseman, LLP
  125 Summer Street
  Boston, MA  02110

                          /s/ Brian M. Forbes_____
                          Brian M. Forbes